UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES S. BUCHOLZ, | ) <br> ) Civil Action No. _____ <br> ) <br> ) COMPLAINT FOR <br> ) REFUND AND <br> ) DAMAGES <br> ) |
| Plaintiff, | |
| v. | ) <br> ) |
| STEVEN T. MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury, Unites States Department of the Treasury, 1500 Pennsylvania Ave. NW Washington, DC  20220; | ) <br> ) <br> ) <br> ) |
| CHARLES P. RETTIG, in his official capacity as Commissioner of the United States Internal Revenue Service, United States Internal Revenue Service, 1111 Constitution Ave. NW Washington, DC  20224; | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| THE UNITED STATE DEPARTMENT OF TREASURY, 1500 Pennsylvania Ave. NW Washington, DC  20220; | ) <br> ) <br> ) <br> ) |
| THE UNITED STATES INTERNAL REVENUE SERVICE, 1111 Constitution Ave. NW Washington, DC  20224; | ) <br> ) <br> ) <br> ) |
| THE UNITED STATES OF AMERICA; | ) <br> ) |
| TONYA R. WILLIAMS-WALLACE, 3800 NW Lake Dr. Lees Summit, MO  64064-1808; | ) <br> ) <br> ) <br> ) |
| and DARRYL J. JENKINS, 900 S. East Street Baltimore, MD  21224-5032 | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

Case: 1:19-cv-01730
Assigned To : Jackson, Amy Berman
Assign. Date : 6/14/2019
Description: Pro Se General Civil (F-DECK)

1

INTRODUCTION

1.   This is an action for refund of Plaintiff's Patient Protection and Affordable Care Act Shared Responsibility Payment assessed under 26 U.S.C. § 5000A(a-c), for each of the 2016, 2017 and 2018 tax years, and for monetary damages for violation of Plaintiff's Fifth Amendment due process rights by defendants Tonya Williams-Wallace and Darryl J. Jenkins in their review of Plaintiff's application for an ACA Penalty refund for the 2015 and 2016 tax years, respectively.

2.   Congress passed the Patient Protection and Affordable Care Act in 2010 with the goal of expanding health insurance coverage. A key component to ensure participation in the new national health care program created under the law was the institution of a penalty for non-participation (Hereinafter, the "ACA Penalty" or "Penalty").

3.   Prior to 2012, there was a question as to what specific constitutional authority served as the basis for Congress to mandate the ACA Penalty. In *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012) ("*Sebelius*"), the U.S. Supreme Court held that the constitutional basis was Congress's taxing power under Article I, but not it's commerce clause authority under Article I. In other words, while the federal government does have the authority to force you to pay a tax penalty for not possessing health care coverage, it has no authority to force you to purchase it in the first place.

PARTIES

4.   Plaintiff is a U.S. citizen and taxpayer, residing in the District of Columbia.

5. Defendant Steven T. Mnuchin is the Secretary of the U.S. Department of Treasury and is responsible for overseeing the Department of Treasury and the Internal Revenue Service. *See* 26 U.S.C. § 7801. He is sued in his official capacity.

6. Defendant United States Department of Treasury is an executive department that oversees the United States Internal Revenue Service. *See* 26 U.S.C. § 7801.

7. Defendant Charles P. Rettig is the Commissioner of the United States Internal Revenue Service, and is responsible for overseeing the Internal Revenue Service, including implementation and enforcement of 26 U.S.C. § 5000A(a-c). *See* 26 U.S.C. § 7803. He is sued in his official capacity.

8. Defendant United States Internal Revenue Service is a federal agency that is responsible for the implementation and enforcement of 26 U.S.C. § 5000A(a-c). *See* 26 U.S.C. § 7803.

9. Defendant United States of America includes all government agencies and departments responsible for the implementation and enforcement of 26 U.S.C. § 5000A(a-c).

10. Defendant Tonya R. Williams-Wallace, at all times relevant, was employed by the United States Internal Revenue Service as an Operations Manager. She is sued in her personal capacity.

11. Defendant Darryl J. Jenkins was, at all times relevant, employed by the United States Internal Revenue Service as an Operations Manager. He is sued in his personal capacity.

## JURISDICTION AND VENUE

12. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(C), because Plaintiff resides in this judicial district and no real property is involved.

## FACTS

14. The Patient Protection and Affordable Care Act was signed into law on March 23, 2010 and went into effect on January 1, 2014. The ACA Penalty was first assessed for the 2014 tax year.

15. Plaintiff has never filed an application with the Internal Revenue Service for an income-based exemption, or any other type of exemption, offered under 26 U.S.C. § 5000A(d).

16. On April 13, 2015, Plaintiff filed his tax return for 2014 (Form 1040-EZ.) Plaintiff received a refund from the Internal Revenue Service because the amount withheld from his 2014 income exceeded his tax liability.

17. On October 14, 2015, Plaintiff filed a claim for refund of his ACA Penalty for the 2014 tax year, (Claim for Refund and Request of Abatement, Form 843), in the amount of $541.59, incorrectly citing a violation of his right to equal protection under the Fourteenth Amendment of the U.S. Constitution as the basis for his claim. The Plaintiff later discovered that the Equal Protection Clause is applicable against the States, but not the federal government.

18. On December 4, 2015, the Internal Revenue Service wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

19. On January 20, 2016, the Internal Revenue Service wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

20. On February 9, 2016, the Internal Revenue Service approved Plaintiff's claim and refunded his ACA Penalty in the amount of $541.59, plus interest.

21. On March 1, 2016, Plaintiff filed his tax return for 2015. Plaintiff had had insufficient funds withheld for his income tax and therefore had a tax liability for the 2015 tax year. At the time of filing his 2015 tax return, Plaintiff paid the total amount due for his income tax liability, including payment of the ACA Penalty, which was itemized on line 81 of his filed Form 1040.

22. On March 10, 2016, Plaintiff filed a claim for of his ACA Penalty for the 2015 tax year, (Claim for Refund and Request of Abatement, Form 843), in the amount of $797.81. Plaintiff again incorrectly cited the Equal Protection Clause of the Fourteenth Amendment as the basis for his refund claim.

23. On April 15, 2016, Defendant Tonya R. Williams-Wallace wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

24. On May 10, 2016, Defendant Tonya R. Williams-Wallace wrote to Plaintiff, notifying him that his claim for refund was being forwarded to the Internal Revenue Service Office in Ogden, UT for a response.

25. On June 21, 2016, Defendant Tonya R. Williams-Wallace wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

26. On June 23, 2016, Defendant Tonya R. Williams-Wallace denied Plaintiff's request for refund of the 2015 ACA Penalty on the basis of non-payment of said penalty.

27. On June 29, 2016, Plaintiff sent a certified letter to the Internal Revenue Service, providing proof of prior payment of the ACA Penalty and simultaneously filing a new claim for refund (Claim for Refund and Request of Abatement, Form 843). Plaintiff again incorrectly cited the Equal Protection Clause of the Fourteenth Amendment as the basis for his claim. In the process of refiling his claim, Plaintiff made an expenditure of $4.66 for postage.

28. On September 1, 2016, Defendant Tonya R. Williams-Wallace wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

29. On October 25, 2016, Defendant Tonya R. Williams-Wallace wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

30. On November 14, 2016, the Internal Revenue Service approved Plaintiff's claim and refunded his ACA Penalty in the amount of $797.00, plus interest.

31. On February 22, 2017, Plaintiff filed his 2016 tax return and received a refund for his excess income tax withholding in the amount of $597.52. On June 9, 2017, Plaintiff filed an amended income tax return, Form 1040-X, to claim an additional refund of $611.24, but the amount of his ACA Penalty remained unchanged.

32. On May 17, 2017, Plaintiff filed a claim for refund for his ACA Penalty for the 2016 tax year, (Claim for Refund and Request of Abatement, Form 843), in

the amount of $1007.43, citing a violation of his due process rights under the Fifth Amendment to the U.S. Constitution as the basis for his refund claim.

33. On June 23, 2017, the Internal Revenue Service wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

34. On August 8, 2017, the Internal Revenue Service wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

35. On September 12, 2017, Defendant Darryl J. Jenkins denied Plaintiff's claim for refund without addressing the merits of Plaintiff's claim that his due process rights under the Fifth Amendment to the U.S. Constitution had been violated. Instead, Plaintiff was advised that he "should submit a Form 8965, Healthcare Coverage Exemptions."

36. On September 16, 2017, Plaintiff sent a certified letter to the Internal Revenue Service explaining that he had already determined he was not eligible for an exemption, and was not applying for one. Plaintiff simultaneously submitted a new claim for refund (Claim for Refund and Request of Abatement, Form 843), again arguing a violation of his Fifth Amendment due process rights as the basis for his claim. In the process of refiling his claim, Plaintiff made an expenditure of $3.84 for postage.

37. On October 23, 2017, the Internal Revenue Service wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

38. On December 6, 2017, the Internal Revenue Service wrote to Plaintiff, requesting an additional forty-five days to respond to his claim.

39. On December 13, 2017, the Internal Revenue Service denied Plaintiff's claim, stating that Plaintiff was ineligible for an exemption from the Penalty requirements, referencing a non-existent "prior claim for Health Coverage Exemption (Form 8965)" and further stating that the Internal Revenue Service "could not process [Plaintiff's] request for abatement from the Affordable Care Act, Shared Responsibility provision."

40. On December 29, 2017, Plaintiff filed a notice of appeal (Request for Appeals Review, Form 12203) of the December 13, 2017 Internal Revenue Service decision.

41. On April 12, 2018, the Internal Revenue Service Appeals Office wrote to Plaintiff to schedule a telephone settlement conference for June 8, 2018.

42. On June 8, 2018, the aforementioned telephone settlement conference was held, and the recommendation of the Appeals Officer was to deny Plaintiff's appeal from the decision of December 13, 2017. The Appeals Officer confirmed this decision in writing on July 12, 2018.

LEGAL ARGUMENT

43. Plaintiff incorporates all paragraphs of this Complaint above as if fully set forth in detail herein, and alleges:

44. As the Supreme Court stated in *Sebelius*, "The Federal Government does not have the power to order people to buy health insurance. Section 5000A would therefore be unconstitutional if read as a command. The Federal Government does have the power to impose a tax on those without health insurance." 132 S. Ct. at 2601.

45.     26 U.S.C. § 5000A(e)(1)(A) provides for exemptions to the ACA Penalty for individuals whose cost of monthly health insurance premiums exceeds eight percent (8%) of their monthly household income.

46.     Without the underpinning of the Commerce Clause to mandate the purchase of health care coverage in the marketplace, 26 U.S.C. § 5000A(e)(1)(A) is meaningless and inoperative. The affordability of something one does not have to purchase is irrelevant.

47.     Since this section of the law is inoperative, the Internal Revenue Service has no legal basis for exempting certain individuals from the ACA Penalty requirement based upon insufficient income. Those taxpayers who do not meet the income threshold for filing a tax return under 26 U.S.C. § 5000A(e)(2) are already exempted from the ACA Penalty.

48.     Those taxpayers who do meet the tax filing threshold under 26 U.S.C. § 5000A(e)(2), but who do not have sufficient income under 26 U.S.C. § 5000A(e)(1)(A), are given an additional benefit, an exemption to the ACA Penalty, to which they are not entitled.

49.     Those receiving the improper income-based exemption and the Plaintiff are identically situated under the law: neither the exemption recipients nor the Plaintiff had health care coverage for the 2016 tax year and neither could be required to purchase it.

50.     Because those receiving improper income-based exemptions are excused from payment of the Penalty while Plaintiff is not excused from the Penalty, the ACA Penalty is a discriminatory tax.

51.     Assessment of this discriminatory tax against Plaintiff is a violation of his due process rights under the Fifth Amendment of the U.S. Constitution.

52.     Defendants Tonya R. Williams-Wallace and Darryl J. Jenkins, while acting in their official capacities as agents of the United States Internal Revenue Service, are subject to the Fifth Amendment prohibition against denying Plaintiff due process under the law during their review of his claims for refund.

## CAUSES OF ACTION

53.     The Internal Revenue Service has taken property of the Plaintiff in violation of his right to due process under the laws, pursuant to the Fifth Amendment of the United States Constitution.

54.     Defendant Tonya R. Williams Wallace has violated Plaintiff's Fifth Amendment right to due process under the laws by intentionally, or through gross negligence, denying his claim for a refund of the ACA Penalty for the 2015 tax year based upon her false written statement that Plaintiff had not paid the Penalty, causing actual damage to the Plaintiff in the amount of $4.66.

55.     Defendant Darryl J. Jenkins has violated Plaintiff's Fifth Amendment right to due process under the laws by intentionally, or through gross negligence, refusing to review his claim on its merits, causing actual damage to the Plaintiff in the amount of $3.84.

## PRAYER FOR RELIEF

Wherefore, based upon the allegations set forth above, Plaintiff seeks the following:

1.	Refund of Plaintiff's ACA Penalty in the amount of $1007.43, plus interest, for the 2016 tax year;

2.	Refund of Plaintiff's ACA Penalty in the amount of $1820.77, plus interest, for the 2017 tax year;

3.	Refund of Plaintiff's ACA Penalty in the amount of $257.94, plus interest, for the 2018 tax year;

4.	From Defendant Tonya R. Williams-Wallace, compensatory damages in the amount $4.66 and punitive damages in the amount of $4,660.00;

5.	From Defendant Darryl J. Jenkins, compensatory damages in the amount $3.84 and punitive damages in the amount of $3,840.00;

6.	Reimbursement for reasonable costs and fees in bringing this action; and

7.	For such other and further relief that the Court deems just and equitable.

Respectfully submitted this 14th day of June, 2019.

_____
James S. Bucholz
Plaintiff
3431 Yuma Street NW, Apt. 203
Washington, DC  20008
james.bucholz@verizon.net
(202) 244-5295