UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES S. BUCHOLZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-1730 (ABJ) |
| ) | |
| STEVEN T. MNUCHIN., *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

*Pro se* plaintiff James S. Bucholz has brought this action against defendants Steven. T. Mnuchin, in his official capacity at Secretary of the United States Department of Treasury; Charles Rettig, in his official capacity as Commissioner of the United States Internal Revenue Service ("IRS"); Tonya R. Williams-Wallace and Darryl J. Jenkins, two employees of the IRS who are sued in their personal capacities; the Department of Treasury itself; the IRS; and the United States. *See generally* Compl. [Dkt. # 1]. He alleges that Affordable Care Act ("ACA") Shared Responsibility Payment penalties assessed against him by the IRS violated his Fifth Amendment rights because that portion of the ACA is unconstitutional. Compl. ¶¶ 50–51, 53. He seeks a refund of the penalties he was charged for tax years 2016–2018 as well as compensatory damages. Compl. at 11.

Pending before the Court is defendants' motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. to Dismiss [Dkt. # 9] ("Defs.' Mot."); Defs.' Mem. in Supp. of United States' Mot. [Dkt. # 9-1] ("Defs.' Mem."). Because the Shared Responsibility Payment has been upheld as constitutional

by the Supreme Court and the complaint fails to adequately allege that defendants violated plaintiff's Fifth Amendment rights, the Court will grant the motion to dismiss for failure to state a claim. Plaintiff's claims for refunds related to payments made in tax years 2017 and 2018 fail for lack of subject matter jurisdiction.

## BACKGROUND

The Affordable Care Act was signed into law on March 23, 2010, and it went into effect on January 1, 2014. Compl. ¶ 14. Among other provisions, the Act created a tax penalty – commonly called the "Shared Responsibility Payment" or "Individual Mandate" – for citizens who are not covered by healthcare insurance. *See* Compl. ¶ 1–2. The statute requires that "[a]n applicable individual shall for each month . . . ensure that the individual . . . is covered under minimum essential coverage for each month." 26 U.S.C. § 5000A(a). The statute goes on: "[i]f a taxpayer who is an applicable individual . . . fails to meet the requirement under subsection (a) for 1 or more months, then, . . . there is hereby imposed on the taxpayer a penalty with respect to such failures in the amount determined under subsection (c)." *Id*. § 500A(b)(1). The tax penalty "shall be included with a taxpayer's return . . . for the taxable year which includes such month," and the amount of the penalty "shall be equal to the lesser of – (A) the sum of the monthly penalty amounts determined under [a later paragraph of the statute], or (B) an amount equal to the national average premium for qualified health plans which have a bronze level of coverage . . . ." *Id*. §§ 5000A(b)(2); 5000A(c)(1).

On October 14, 2015, plaintiff filed a claim with the IRS seeking a refund of his 2014 Shared Responsibility Payment, citing what he characterized then as his Fourteenth Amendment

right to equal protection.[1]  Compl. ¶ 17.  On February 9, 2016, plaintiff received a $541.59 refund, plus interest.  Compl. ¶ 20.  On March 10, 2016, he filed a claim for a refund of the ACA penalty he paid in 2015, again citing the Equal Protection Clause of the Fourteenth Amendment. Compl. ¶¶ 21–22.  On June 23, 2016, defendant Williams-Wallace denied the request.  Compl. ¶ 26.  Six days later, defendant sent a letter to the IRS with proof of his penalty payment and a new claim for the same refund, and on November 14, 2016, the refund was approved. Compl. ¶¶ 27, 30.

On February 22, 2017, plaintiff filed his 2016 tax return, and on May 17, 2017, he requested a refund of his Shared Responsibility Payment, this time citing a violation of his due process rights under the Fifth Amendment.  Compl. ¶¶ 31–32.  On September 12, 2017, defendant Jenkins denied the refund without addressing the merits of the plaintiff's claim.  Compl. ¶ 35.  On September 16, 2017, plaintiff sent a certified letter to the IRS, reasserting his claim for a refund.  Compl. ¶ 36.  On December 13, 2017, the IRS denied plaintiff's claim, and plaintiff appealed the decision on December 29, 2017.  Compl. ¶¶ 39–40.  On July 12, 2018, the IRS affirmed its denial.  Compl. ¶¶ 40–42.

Plaintiff filed this action on June 14, 2019, and defendants moved to dismiss.  The matter is fully briefed.[2]

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all

---

1   Plaintiff acknowledges that the Fourteenth Amendment does not apply to the federal government.

2   *See* Mem. of P. & A. in Opp. to Defs.' Mot. [Dkt. # 11] ("Pl.'s Opp."); Defs.' Reply to Opp. to the United States' Mot. to Dismiss [Dkt. # 12] ("Defs.' Reply").

3

inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (applying principle to a Rule 12(b)(1) motion). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (rule 12(b)(6) case); *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (rule 12(b)(1) case).

I.  **Subject Matter Jurisdiction**

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). "Federal courts are courts of limited jurisdiction," and the law presumes "that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint."

4

*Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.     Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79, citing *Twombly*, 550 U.S. at 555–56.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

Plaintiff maintains that the ACA Penalty is an unlawful, discriminatory tax.  Compl. ¶¶ 44-51.  Therefore, he claims that the assessment of the tax against him is a violation of his due process rights under the Fifth Amendment.  Compl. ¶ 51.  In his opposition, plaintiff emphasizes that this claim is based solely on a denial of *substantive* due process: "[a]s set forth in the Complaint (Compl. ¶¶ 51, 53), plaintiff alleges the taking of his personal property pursuant to an act of Congress, which is a *substantive* violation of the 5th Amendment." Pl.'s Opp. at 3 (emphasis in original), citing *Heiner v. Donnan*, 285 U.S. 312 (1932).[3]  He also alleges that an IRS employee personally violated his Fifth Amendment rights when she initially denied his claim for a refund of the tax he paid in 2015, and that another violated the constitution when denying a similar claim for tax year 2016.  Compl. ¶ 54-55.

---

3   For this reason, the Court need not address the government's arguments that plaintiff has not set forth facts to state a plausible claim for a denial of procedural due process. *See* Defs.' Mem. at 4.

In the three paragraphs of the complaint under the heading "causes of action," plaintiff asserts: 1) the IRS has taken his property in violation of his right to due process under the law; 2) defendant Williams-Wallace violated his Fifth Amendment right to due process by "intentionally, or through gross negligence" denying the 2015 claim for refund based on a false assertion that he had not paid the penalty and "causing actual damage to the plaintiff in the amount of "4.66";[4] and 3) defendant Jenkins violated his Fifth Amendment right to due process "by intentionally, or through gross negligence" refusing to review his claim for a refund of the 2016 tax on the merits, causing actual damage to the plaintiff in the amount of $3.84."[5]  Compl. ¶¶ 53–55.  In his prayer for relief, plaintiff demands a refund of the ACA penalties paid in the 2016 – 2018 tax years, and

---

4       Plaintiff paid $4.66 in postage to send the proof of prior payment of the 2015 ACA penalty and new claim for refund to the IRS on June 29, 2016.  *See* Compl. ¶ 27.

5       Plaintiff paid $3.84 to send his claim for a refund of his 2016 penalty payment on September 16, 2017.  *See* Compl. ¶ 36.

he asks that the individual IRS employees be ordered to pay compensatory and punitive damages. *See* Compl. at 10–11. [6]

Defendants have moved to dismiss the case on the grounds that the Individual Mandate has been upheld as constitutional by the Supreme Court in *National Federation of Independent Business v. Sebelius,* 567 U.S. 519, 574 (2012) ("*NFIB*"). Defs.' Mem. at 3. They argue that the *NFIB* holding requires the dismissal of the first cause of action, and they submit that it also defeats the claims against the two individual IRS employees since they lack the essential element of a *Bivens* claim: a constitutional violation. Defs.' Mem. at 3.

The Individual Mandate requires all Americans to maintain health insurance coverage every month or pay a penalty that is assessed through their tax returns. *See* 26 U.S.C. §§ 5000A(a); 5000A(b)(3)–(c). In *NFIB,* the Supreme Court determined that it had jurisdiction to decide a challenge to the tax, *see* 567 U.S. at 546, and it held that Congress was

---

6   Defendants argue that as a procedural matter, the complaint should be dismissed against all parties except the United States and the two IRS agents. Defs.' Mem. at 7. The Court agrees. Section 7422 of the Internal Revenue Code mandates that a suit "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claims to have been collected without authority, . . . may be maintained only against the United States and not against any officer or employee of the United States[.]"  26 U.S.C. §§ 7422(a), (f)(1).  Courts in this district frequently dismiss claims against defendants that are not the United States in cases regarding tax liability. *See, e.g.*, *Nix El v. IRS*, 233 F. Supp. 3d 65, 68 (D.D.C. 2017) (dismissing a complaint alleging impermissibly denied or rescinded tax refunds against the IRS and permitting the *pro se* plaintiff to amend the complaint to name the United States as a defendant); *Laukus v. United States*, 691 F. Supp. 2d 119, 132 (D.D.C. 2010) ("as this Court has previously explained, the IRS cannot be sued *eo nomine* for claims relating to tax collection") (internal citation omitted), *aff'd* 442 F. App'x 570 (D.C. Cir. 2011).  And the D.C. Circuit has held that a defendant may not bring an action under the Administrative Procedures Act, where there is an adequate remedy in a court, like a cause of action brought pursuant to section 7422.  *Starr Intl. Co., Inc. v. United States*, 910 F.3d 527, 536 (D.C. Cir. 2018).

Because the claims here challenge the IRS's assessment of the penalty payment against plaintiff and its denial of certain refunds, none of the defendants other than the United States and Williams-Wallace and Jenkins, to the extent they are sued in a *Bivens* action, are proper defendants. For that reason, the Court will dismiss the complaint against defendants Mnuchin, Rettig, the IRS, and the DOT.

authorized to enact the penalty under its taxing power. "Our precedent demonstrates that Congress had the power to impose the exaction in § 5000A under the taxing power, and that § 5000A need not be read to do more than impose a tax. That is sufficient to sustain it." *Id*. at 570. Thus, plaintiff's challenge to the statute is foreclosed by Supreme Court precedent.

In his opposition, plaintiff argues that his constitutional claim still has vitality because the Supreme Court did not actually reach the issue when it decided *NFIB*: "no facts were brought before the Supreme Court . . . nor could there have been, because enforcement of the ACA Penalty did not begin until January 1, 2014," two years after the case was decided. Pl.'s Opp. at 2. According to the plaintiff, the issue of the constitutionality of the tax is now ripe for decision as it could not have been then.

But, as defendants point out, the *NFIB* Court did not decline to consider the Individual Mandate on the grounds that it had yet to be enforced. It fully recognized that the provision would be effective in the future, stating, "[t]he individual mandate requires most Americans to maintain 'minimum essential' health insurance coverage . . . . Beginning in 2014, those who do not comply with the mandate must make a shared responsibility payment to the Federal Government." *NFIB*, 567 U.S. at 539 (internal quotations and citations omitted). Yet it went on to address the question, and it found the penalty plaintiff is challenging here to be lawful. *Id.* at 570.

The fact that plaintiff casts his claim as a challenge to a taking of his personal property under the Fifth Amendment, *see* Pl.'s Opp. at 3, does not alter this outcome even if the Supreme Court did not address that constitutional provision directly. The D.C. Circuit has already rejected a claim that the tax unfairly discriminates against healthy private individuals by requiring them to support unhealthy ones and that it violates the Fifth Amendment's prohibition against the taking of private property. *Ass'n of Am. Physicians & Surgeons, Inc. v. Sebelius*, 746 F.3d 468, 470 (D.C.

Cir. 2014). In that case, the Court of Appeals upheld a determination that a claim challenging the Individual Mandate under the Takings Clause could not withstand the Supreme Court's *NFIB* decision upholding the individual mandate as a tax. *See Ass'n of Am. Physicians & Surgeons, Inc. v. Sebelius*, 901 F. Supp. 2d 19, 38–39 (D.D.C. 2012), quoting *Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 24 (1916) ("Under Supreme Court precedent, the Due Process Clause of the Constitution should not be read to limit the taxing power, with the possible exception for cases where 'the act complained of was so arbitrary as to constrain to the conclusion that it was not the exertion of taxation, but a confiscation of property.'"). The D.C. Circuit ruled that the tax did not fall within the narrow category of measures recognized by the Supreme Court in *Brushaber*, 746 F.3d. at 470, and given that authority, this Court is bound to conclude that plaintiff's complaint fails to state a claim that the Individual Mandate is unconstitutional.[7]

Even if there were some theory under which plaintiff could proceed, the Court does not have jurisdiction to entertain such a claim with respect to plaintiff's 2017 and 2018 tax returns at this time because plaintiff must first seek a refund and appeal its denial administratively. *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority . . . until a claim for refund or credit has been duly filed with the Secretary [of the Treasury]."); *see also Starr Intl. Co., Inc. v. United States*, 302 F. Supp. 3d 411, 416 (D.D.C. 2018) ("filing a refund claim is an absolute, jurisdictional prerequisite to seeking judicial review of an IRS refund determination"). The complaint does not

---

7   For that reason, the case plaintiff cites in his Reply, *Tyler v. United States,* 281 U.S. 497, 504 (1930)*,* does not save this case from dismissal. *Tyler* simply cited *Brushaber* for the principle that one must recognize the *possibility* that a federal statute passed under the taxing power could be so arbitrary and capricious that it would be subject to attack under the due process clause. But that possibility has already been foreclosed by the D.C. Circuit.

contain any facts to suggest that plaintiff requested a refund of his Individual Mandate payment for the 2017 and 2018 tax years. So to the extent the first cause of action in the complaint includes substantive due process violations with respect to those penalty payments, the Court will dismiss those claims for lack of subject matter jurisdiction as well.

Finally, as to the claims against Williams-Wallace and Jenkins in their personal capacities, since plaintiff casts his allegations against the two IRS employees as tort claims, alleging intentional or grossly negligent misconduct, and he seeks compensatory and punitive damages, the defense appropriately characterizes them as *Bivens* claims. In *Bivens v. Six Unknown Fed. Narcotics Agents,* the Supreme Court implied a cause of action for damages against federal agents who allegedly violated the Constitution. 403 U.S. 388 (1971); *see also FDIC v. Meyer*, 510 U.S. 471, 484 (1994) (describing a *Bivens* remedy).

Here, since the claims are largely based on the unlawful enforcement of the ACA provision, they fail to allege the necessary element of a *Bivens* claim: the constitutional violation.

Moreover, the D.C. Circuit has stated that courts have "discretion in some circumstances to create a remedy against federal officials for constitutional violations, but we must decline to exercise that discretion where 'special factors counsel[ ] hesitation' in doing so." *Wilson v. Libby*, 535 F.3d 697, 704 (D.C. Cir. 2008), citing *Bivens*, 403 U.S. at 396. "One 'special factor' that precludes creation of a *Bivens* remedy is the existence of a comprehensive remedial scheme." *Wilson*, 535 F.3d at 705; *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1858 (2017) (noting that "an alternative remedial structure . . . alone may limit the power of the Judiciary to infer a new *Bivens* cause of action").

Defendants correctly argue that the Internal Revenue Code provides a plaintiff with a comprehensive remedial scheme, precluding a *Bivens* remedy. *See* Defs.' Mem. at 6–7. The D.C.

Circuit, and numerous other circuits, have repeatedly held that the Internal Revenue Code is a comprehensive remedial scheme that forecloses a plaintiff's ability to state a claim for a *Bivens* remedy. *See, e.g.*, *Kim v. United States*, 632 F.3d 713, 717–18 (D.C. Cir. 2011) (affirming dismissal of the plaintiff's *Bivens* claim against individual defendants because "no *Bivens* remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code," and collecting district and circuit court cases reaching the same conclusion).

Here, the Internal Revenue Code authorizes the plaintiff to bring suit in a district court based on any of its provisions. *See* 26 U.S.C. §§ 7422 (granting a tax payer a cause of action related to a claim for a refund); 7433(a) ("If, in connection with any collection of Federal tax . . . any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."). In light of this comprehensive remedial scheme, plaintiff's *Bivens* claims against Williams-Wallace and Jenkins will be dismissed for failure to state a claim.[8]

## CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A separate order will issue.

---

8   Defendants also seek to dismiss the *Bivens* claims based on the argument that the Supreme Court has not permitted *Bivens* actions for allegations that a federal employee violated a citizen's procedural due process rights. Defs.' Mem. at 6–7, citing *Schweiker v. Chilcky*, 487 U.S. 412 (1988). The Court need not address this contention given plaintiff's insistence in his opposition that his complaint only alleges violations of his Fifth Amendment *substantive* due process rights. Pl.'s Opp. at 3.

_____<br>
AMY BERMAN JACKSON<br>
United States District Judge

DATE: September 10, 2020